## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

AIR MARSHALL MOTORSPORTS, LLC,
a Florida entity,

                                                     CASE NO.:

       Plaintiff,

vs.

MOKE AMERICA, LLC, a New York entity, and
TODD ROME, a individual.

       Defendants.

_____/

## COMPLAINT

Plaintiff, AIR MARSHALL MOTORSPORTS, LLC, by and through undersigned counsel, hereby sues Defendants, MOKE AMERICA, LLC and TODD ROME and alleges as follows:

## JURISDICTION AND PARTIES

1.     Plaintiff, Air Marshall Motorsports, LLC, is a Florida limited liability company duly organized under the laws of the State of Florida with its principal place of business in Hollywood, Florida.

2.     Defendant, Moke America, LLC ("MA"), is a New York limited liability duly organized under the laws of the State of New York company with its principal place of business in New York, New York.

3.     Defendant Todd Rome ("Rome") is an individual over the age of 18 years old and is a citizen of New York with his domicile located within the State of New York.

4.      This is an action for money damages in excess of $75,000.00, exclusive of interest, attorneys' fees and costs.

5.      This Court has jurisdiction pursuant to 28 U.S.C. §1332 as there is complete diversity of citizenship between the Plaintiff and Defendants.

6.      Venue is proper in the Southern District of New York in that the written contract between Plaintiff and Moke contains a venue provision that any and all claims to be brought in the State of New York and in that the Defendants reside in New York, New York.

7.      All conditions precedent to the filing of this lawsuit have been performed, satisfied and/or waived prior the filing hereof.

## GENERAL ALLEGATIONS

8.      MA holds itself out as a franchisor granting "Moke" dealerships to local companies in geographical areas to sell their cars.

9.      MA offered a franchise dealership opportunity to Air Marshall, which offer originated in the State of New York and was made to Air Marshall in the State of Florida.

10.     MA and Air Marshall entered into a Dealer Agreement effective as of July 12, 2018 (the "Dealer Agreement").  A true and correct copy of the Dealer Agreement is attached hereto as Exhibit A.

11.     MA negotiated the Dealer Agreement in New York.

12.     The Dealer Agreement named Plaintiff an authorized dealer of Moke products.

13.     Plaintiff began its Moke operations under "Moke America Fort Lauderdale", which was solely for this dealership purpose.

14.     The Dealer Agreement provided that Air Marshall could buy 24 Mokes for exclusivity in the Fort Lauderdale, Florida area.

15.     The Dealer Agreement stated that MA would repurchase the Mokes at termination.

16.     MA designated Air Marshall as an authorized dealer for new Mokes.

17.     MA designated the Fort Lauderdale area exclusive to Air Marshall for the Mokes.

18.     MA started forwarding leads to Air Marshall for sales in its area.

19.     MA is not registered with the State of New York to sell vehicles.

20.     MA is not registered with the State of New York to be a franchisor.

21.     MA is not registered with the State of New York to be a franchise.

22.     MA is not registered with the State of New York to be a distributor.

23.     MA is not registered with the State of New York to be a manufacturer.

24.     MA has not complied with New York VAT Article 16 Section 415 Dealer Registration and Article 17A Section 463 Unfair business practices by franchisors (the "New York Act").

25.     MA is not registered with the State of Florida to sell vehicles.

26.     MA is not registered with the State of Florida to be a franchisor.

27.     MA is not registered with the State of Florida to be a franchise.

28.     MA is not registered with the State of Florida to be a distributor.

29.     MA is not registered with the State of Florida to be a manufacturer.

30.     MA has not complied with Florida Chapters §§ 320 or 686 for Florida's Sales, Distribution and Franchise Relationships and Motor Vehicles (the "Florida Act").

31.     Despite, Air Marshall entering into the Dealer Agreement and placing orders for its inventory, MA did not place Air Marshall on its website as an authorized dealer until repeated requests by Air Marshall.

32.    Rome owns and controls MA.

33.    MA's owner, Rome has his own Moke dealership in Miami which competed with Air Marshall for sales.

34.    MA and Rome took advantage of Air Marshall and used shady business tactics to keep or benefit from Moke sales that should have benefited Air Marshall.

35.    Despite being named an authorized dealer, MA titled Mokes in the name of Air Marshall or related entities for Air Marshall to then "re-sell".

36.    MA failed to even provide title for Mokes sold to consumers, including but not limited to Moke Vin #61834 and 42013.

37.    Air Marshall has $66,412.50 in deposit with MA for Mokes that have been ordered and not delivered (the "Unreturned Deposits").

38.    Despite demand and termination of the Dealer Agreement, MA refuses to return the Unreturned Deposits.

39.    Air Marshall presented its Moke at the Miami Auto Show with the understanding it would receive the benefits from the same.

40.    Air Marshall placed stickers promoting Moke America Fort Lauderdale on the Moke at the Miami Auto Show.

41.    MA personnel and agents removed the stickers without Air Marshall's consent during its display at the Miami Auto Show.

42.    MA and Rome received the benefit of the leads and sales from the Miami Auto Show.

43.    Air Marshall has informed MA that Moke Vin 61827 is not operating and requested warranty service.

44.     MA failed or otherwise ignored the request for warranty on Mokes.

45.     Air Marshall incurred or invested over $100,000.00 associated with the Mokes and its promised dealership.

46.     Air Marshall declared MA in Default.

47.     Air Marshall provided termination notice to MA.

48.     MA acknowledged receipt of the termination notice and promised action, but has failed to take that action.

49.     Air Marshall requested MA repurchase the Mokes in its inventory per the Dealer Agreement and the Act.

50.     MA has failed to pay take action on the repurchase of the Moke inventory of Air Marshall.

51.     Air Marshall demanded return of the Unreturned Deposits that were previously ordered.

52.     MA has failed to pay the Unreturned Deposits.

53.     Air Marshall has communicated with Rome about these issues.

54.     MA never sent the Franchise Disclosure Document ("FDD") to Plaintiff.

55.     Plaintiff expended significant additional sums of money to start-up the business operations, including marketing, sales, professionals and inventory from MA.

56.     Plaintiff expended significant effort to form strategic alliances, obtain premium location, photoshoot and increase visibility of the Moke brand.

57.     During the course of operating with Moke, Plaintiff came to learn that existing MA Moke system was insufficient to support its efforts to obtain, maintain and service Mokes. More specifically:

a.      MA did not have regular inventory of Mokes;

b.      MA lacked sales and sales support that was told to Air Marshall;

c.      Plaintiff discovered that the warranty support in the State of Florida did not exist, a fact which further diminished the possibility of obtaining, maintaining and servicing clients as well as detracting from the value of the sale and business operations;

d.      Moke dealers were competing, including against Rome's own Moke Miami;

e.      MA could not timely prepare title paperwork for the Mokes;

f.      MA prepared title paperwork as if the sale was to Plaintiff and not the end user; thereby creating a second owner and not a new sale; and

g.      MA was unable to protect Plaintiff's territory.

58.      Upon Plaintiff's realization that a substantial portion of the purported Moke dealership system did not exist or was otherwise unavailable, Plaintiff was forced to shut down its Moke America Fort Lauderdale operation to mitigate its damages. MA and Rome are obligated for Plaintiff's attorneys' fees and costs pursuant to the Dealer Agreement and relevant statutes.

59.      Rome materially aided MA in these actions and the transactions.

60.      Rome's conduct in aiding MA in its actions against Air Marshall was material and willful.

61.      Plaintiff hired the undersigned firm to represent it in this action and has agreed to pay it a reasonable fee for its services.

62.     MA and Rome are obligated for Plaintiff's attorneys' fees and costs pursuant to the New York Act, the Florida Act and the Dealer Agreement.

## COUNT I
### Breach of Contract
#### (MA)

Plaintiff sues MA, and re-alleges and reasserts the allegations in paragraphs 1 through 62 above as if fully set forth herein and further alleges as follows:

63.     MA and Air Marshall entered into a Dealer Agreement.

64.     The Dealer Agreement named Plaintiff an authorized dealer of Moke products.

65.     Air Marshall started purchasing Mokes.

66.     Air Marshall placed deposits with MA for future delivery of Mokes.

67.     Despite being named an authorized dealer, MA titled Mokes as to Air Marshall for Air Marshall to then "re-sell".

68.     MA breached by the Dealer Agreement.

69.     In certain circumstances, MA failed to even provide title for Mokes sold, including but not limited to Moke Vin #61834 and 42013.

70.     MA has $66,412.50 in Unreturned Deposits belonging to Air Marshall.

71.     Despite demand and termination of the Dealer Agreement, MA refuses to return the Unreturned Deposits.

72.     The Dealer Agreement stated that MA would repurchase the Mokes from Air Marshall at termination.

73.     Air Marshall requested MA repurchases the Mokes in its inventory.

74.     MA has failed to repurchase the Mokes in its inventory.

75.     Air Marshall declared MA in Default.

76.     Air Marshall provided termination notice to MA.

77.     MA acknowledged the termination notice.

78.     As a direct result of the breach by MA, Air Marshall has been damaged.

WHEREFORE, Plaintiff demands judgment against MA for damages and costs and for such other and further relief as deemed just and proper.

## COUNT II
### Violation of the New York Unfair and Deceptive Acts and Practices
### NY GBL Article 22-A §349 and 350, et. seq. ("UDAP")
(against MA and Rome for violation of New York law)

Plaintiff sues MA and re-alleges and reasserts the allegations in paragraphs 1 through 62 above as if fully set forth herein and further alleges as follows:

79.     At all times material hereto, the regulations pertaining to the Sale, Distribution and Franchise Relationship and sale of vehicles are governed by the New York Act, were in full force and effect.

80.     MA is a "franchisor" and "manufacturer" within the purview, intent and meaning of the New York Act.

81.     Air Marshall is a "franchisee" within the purview, intent and meaning of the New York Act.

82.     The New York Act restricts MA's sale of the Moke, or otherwise engaging in business in the State, without a New York State license.

83.     MA's actions operating without a license and in receiving payments of money from Plaintiff for the right to operate a Moke franchise subject to substantial assistance or control of MA is an offering of a franchise within the purview, intent and meaning of the New York Act.

84.     MA's told Air Marshall that it was an authorized dealer under the Dealer Agreement and verbally, when MA did not have a license.

85.     From the State of New York, MA offered Air Marshall the right to operate a Moke franchise and negotiated the Dealer Agreement.

86.     MA, through Rome, repeatedly told Air Marshall that it was allowed, authorized and could sell Mokes to Air Marshall.

87.     MA failed to comply with the New York Act.

88.     MA, through Rome, hid the company's failure to obtain the required license from Air Marshall despite significant amount of conversations about operations, sales and business as an authorized dealer.

89.     Rome utilized Moke Miami for his personal gain at the disadvantage of Air Marshall.

90.     Rome told Air Marshall these statements for his own benefit.

91.     Rome knew or should have known that Plaintiff would be disadvantaged by Moke Miami competing with Air Marshall and would act in reliance on the aforementioned unfair and deceptive practices employed by the Defendants and disseminated or communicated by or through him.

92.     Defendants failed to disclose material information on sales, warranty, registration, title paperwork, required investment and operating expenses.

93.     Defendants knew or should have known that the aforementioned information was material and critical to a prospective franchisee's decision to become an authorized dealer and franchisee of the Moke brand.

94.     Defendants' omissions of the aforementioned information were willful, material and deliberate.

95.      Plaintiff would not have purchased the Mokes or became an authorized dealer, if it had known that the lack of licensure, the lack of warranty support, poor operations of MA, the self-dealing of Rome, through his Moke Miami, to hijack Plaintiff's Miami Auto Show presentation, the titling of Mokes in Air Marshall's name, and that franchisor would not redress franchisee grievances.

96.      Defendants' aforementioned deceptive and unfair trade practices or acts were material to Plaintiff making its decision to become an authorize dealer, purchase the Mokes, franchised the business in question, enter into the Dealer Agreements and invest further money into the Moke business.

97.      As a direct and proximate cause of Defendant's violation of the Act, Plaintiff has been and continues to be damaged.

98.      It is a *per se* violation of UDAP §350, to violate any rules promulgated pursuant to the New York Act, the standards set forth in the New York Act or any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices.

99.      Plaintiff has suffered actual damages as a direct result of Defendants' employment of unfair or deceptive methods, acts or practices prohibited by UDAP.

100.      The New York Act, in part, allows for special damages, including treble damages, which are sought against the Defendants.

WHEREFORE, Plaintiff demands judgment against Moke America, LLC and Todd Rome for actual damages, special damages, treble and interest, plus attorney's fees and court costs pursuant to the Section 350(e) of the New York UDAP, together with enjoining Defendant from further violation of this part by entering a declaratory judgment  that any actions,

10

obligations or other benefits derived by Defendants as a result of the violation of this part, and therefore in violation of public policy, are unenforceable, rescinded, void and/or of no further effect and for such other and further relief as deemed just and proper.

**COUNT III**
**Violation of the New York Franchise Act**
**GBS Article 33 Section 680 et seq.**
(MA violation of New York law)

Plaintiff sues MA, and re-alleges and reasserts the allegations in paragraphs 1 through 62 above as if fully set forth herein and further alleges as follows:

101.    The business relationship between Plaintiff and MA is a "franchise and franchisor" within the meaning of GBS Article 33 §681(3)and (5).

102.    Defendant intentionally misrepresented to Plaintiff the prospects or chances of success of the proposed Moke franchise relationship in violation of GBS Article 33 §683 and 687.

103.    Defendant intentionally misrepresented, by failure to disclose or otherwise, the known required total investment for the of Moke franchise in violation of GBS Article 33 §683 and 687.

104.    Defendant's misrepresentations included: the scope of services provide by MA to Air Marshall, the required total investment, the territorial commitments, warranty support and the likelihood of success of the business.

105.    Defendant did not provide Plaintiff with any disclaimers or explanations regarding the risk associated with the franchise.

106.    To its detriment, Plaintiff justifiably relied upon the material misrepresentations fmade by MA regarding the prospects of Moke and the franchise.

107.     As a direct and proximate result of MA's actions, Plaintiff has been and continues to be damaged.

108.     Plaintiff is entitled to recovery of all monies invested by it in the Moke franchise, including reasonable attorney's fees and costs pursuant to GBS Article 33 §691.

WHEREFORE, Plaintiff demands judgment against Moke America, LLC for actual damages, plus attorney's fees and court costs pursuant to GBS Article 33 §691, together with enjoining Defendant from further violation of this part by entering a declaratory judgment that any actions, obligations or other benefits derived by Defendant as a result of the violation of this part, and therefore in violation of public policy, are unenforceable, rescinded, void and/or of no further effect and for such other and further relief as deemed just and proper.

**COUNT IV**
**Violation of the New York Franchise Act**
**GBS Article 33 Section 680 et seq.**
(Rome violation of New York law)

Plaintiff sues Rome, and re-alleges and reasserts the allegations in paragraphs 1 through 62 and 101 through 108 above as if fully set forth herein and further alleges as follows:

109.     Rome knowingly and directly participated in or materially aided in making the aforementioned misrepresentations to Plaintiff.

110.     Rome knowingly and directly participated in or materially aided in making the aforementioned misrepresentations as to required total investment for the Moke franchise in violation of GBS Article 33 §691(3).

111.     Rome knowingly and directly participated in or materially aided in making the aforementioned misrepresentations as to the prospects or chances of success of the proposed Moke franchise relationship in violation of GBS Article 33 §683 and 687.

112.    Rome knowingly and directly participated in or materially aided in making the aforementioned misrepresentations as to the scope of services provide by MA to Air Marshall, the territorial commitments, warranty support and the likelihood of success of the business.

113.    Rome had the benefit and knowledge as to Moke Miami that was misrepresented or omitted to Air Marshall with regard to the operating a Moke business and competing with other Moke dealers.

114.    To its detriment, Plaintiff justifiably relied upon the material misrepresentations or omissions made by Rome regarding Moke and the franchise.

115.    As a direct and proximate cause of Rome's participation and aiding MA in its violation of the New York Franchise Act, Rome is personally liable to Plaintiff for the damages suffered.

WHEREFORE, Plaintiff demands judgment against Rome for actual damages, plus attorney's fees and court costs pursuant to GBS Article 33 §691, together with enjoining Rome from further violation of this part by entering a declaratory judgment  that any actions, obligations or other benefits derived by Rome as a result of the violation of this part, and therefore in violation of public policy, are unenforceable, rescinded, void and/or of no further effect and for such other and further relief as deemed just and proper.

### COUNT V
**Violation of the Florida Deceptive and Unfair Trade Practices Act**
**Fla. Stat. §501.201, et. seq. ("FDUPTA")**
(against MA and Rome for violation of Florida law)

Plaintiff sues MA and re-alleges and reasserts the allegations in paragraphs 1 through 62 above as if fully set forth herein and further alleges as follows:

116.     At all times material hereto, the regulations pertaining to the Sale, Distribution and Franchise Relationship and sale of vehicles are governed by the Florida Act, were in full force and effect.

117.     MA is a "franchisor" and "manufacturer" within the purview, intent and meaning of the Florida Act.

118.     Air Marshall is a "franchisee" within the purview, intent and meaning of the Florida Act.

119.     The Act restricts MA's sale of the Moke, or otherwise engaging in business in the State of Florida, without a Florida State license.

120.     Air Marshall is a "consumer" within the purview, intent and meaning of §501.203, Fla. Stat.

121.     MA's actions operating without a license and in receiving payments of money from Plaintiff for the right to operate a Moke franchise subject to substantial assistance or control of MA is an offering of a franchise within the purview, intent and meaning of the Florida Act.

122.     MA told Air Marshall that it was an authorized dealer under the Dealer Agreement and verbally, when MA did not have a license.

123.     MA sold Mokes to Air Marshall in the State of Florida.

124.     MA, through Rome, repeatedly told Air Marshall that it was allowed, authorized and could sell Mokes in the State of Florida.

125.     MA failed to comply with the Florida Act.

126.     MA, through Rome, hid the company's failure to obtain the required license from Air Marshall despite significant amount of conversations about operations, sales and business as an authorized dealer in the State of Florida.

127.    Rome utilized Moke Miami for his personal gain at the disadvantage of Air Marshall.

128.    Rome told Air Marshall these statements for his own benefit.

129.    Rome knew or should have known that Plaintiff would be disadvantaged by Moke Miami competing with Air Marshall and would act in reliance on the aforementioned unfair and deceptive practices employed by the Defendants and disseminated or communicated by or through him.

130.    Defendants failed to disclose material information on sales, warranty, registration, title paperwork, required investment and operating expenses.

131.    Defendants knew or should have known that the aforementioned information was material and critical to a prospective franchisee's decision to become an authorized dealer and franchisee of the Moke brand.

132.    Defendants' omissions of the aforementioned information were willful, material and deliberate.

133.    Plaintiff would not have purchased the Mokes or became an authorized dealer, if it had known that the lack of licensure, the lack of warranty support, poor operations of MA, the self-dealing of Rome, through his Moke Miami, to hijack Plaintiff's Miami Auto Show presentation, the titling of Mokes in Air Marshall's name, and that franchisor would not redress franchisee grievances.

134.    Defendants' aforementioned deceptive and unfair trade practices or acts were material to Plaintiff making its decision to become an authorize dealer, purchase the Mokes, franchised the business in question, enter into the Dealer Agreements and invest further money into the Moke business.

135.     As a direct and proximate cause of Defendant's violation of the Florida Act, Plaintiff has been and continues to be damaged.

136.     It is a *per se* violation of FDUPTA, Fla. Stat. §501.203, to violate any rules promulgated pursuant to the Florida Act, the standards set forth in the Act or any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices.

137.     Plaintiff has suffered actual damages as a direct result of Defendants' employment of unfair or deceptive methods, acts or practices prohibited by FDUTPA.

138.     The Act, in part, allows for special damages, including treble damages, which are sought against the Defendants.

WHEREFORE, Plaintiff demands judgment against Moke America, LLC and Todd Rome for actual damages, special damages, treble and interest, plus attorney's fees and court costs pursuant to the Act, together with enjoining Defendant from further violation of this part by entering a declaratory judgment  that any actions, obligations or other benefits derived by Defendants as a result of the violation of this part, and therefore in violation of public policy, are unenforceable, rescinded, void and/or of no further effect and for such other and further relief as deemed just and proper.

## COUNT VI
### Violation of the Florida Franchise Act
### §817.416, Fla. Stat. ("FFA")
(MA for violation of Florida law)

Plaintiff sues MA, and re-alleges and reasserts the allegations in paragraphs 1 through 62 above as if fully set forth herein and further alleges as follows:

139.   The business relationship between Plaintiff and MA is a "franchise or distributorship" within the meaning of Fla. Stat. §817.416(1)(b).

140.   Defendant intentionally misrepresented to Plaintiff the prospects or chances of success of the proposed Moke franchise relationship in violation of Fla. Stat. §817.416(2)(a)(1).

141.   Defendant intentionally misrepresented, by failure to disclose or otherwise, the known required total investment for the Moke franchise in violation of Fla. Stat. §817.(2)(a)(2).

142.   Defendant's misrepresentations included: the scope of services provide by MA to Air Marshall, the required total investment, the territorial commitments, warranty support and the likelihood of success of the business.

143.   Defendant did not provide Plaintiff with any disclaimers or explanations regarding the risk associated with the franchise.

144.   To its detriment, Plaintiff justifiably relied upon the material misrepresentations made by MA regarding the prospects of Moke and the franchise.

145.   As a direct and proximate result of MA's actions, Plaintiff has been and continues to be damaged.

146.   Plaintiff is entitled to recovery of all monies invested by it in the Moke franchise, including reasonable attorney's fees and costs pursuant to Fla. Stat. §817.416(3).

WHEREFORE, Plaintiff demands judgment against MA for actual damages, plus attorney's fees and court costs pursuant to Fla. Stat. §817.416(3), together with enjoining Defendant from further violation of this part by entering a declaratory judgment that any actions, obligations or other benefits derived by Defendant as a result of the violation of this part, and therefore in violation of public policy, are unenforceable, rescinded, void and/or of no further effect and for such other and further relief as deemed just and proper.

## COUNT VII
### Violation of the Florida Franchise Act
### §817.416, Fla. Stat. ("FFA")
(Rome for violation of Florida law)

Plaintiff sues Rome, and re-alleges and reasserts the allegations in paragraphs 1 through 62 and 139 through 146 above as if fully set forth herein and further alleges as follows:

147.    Rome knowingly and directly participated in or materially aided in making the aforementioned misrepresentations to Plaintiff.

148.    Rome knowingly and directly participated in or materially aided in making the aforementioned misrepresentations as to required total investment for the Moke franchise in violation of Fla. Stat. §817.(2)(a)(2).

149.    Rome knowingly and directly participated in or materially aided in making the aforementioned misrepresentations as to the prospects or chances of success of the proposed Moke franchise relationship in violation of Fla. Stat. §817.416(2)(a)(1), Fla. Stat.

150.    Rome knowingly and directly participated in or materially aided in making the aforementioned misrepresentations as to the scope of services provide by MA to Air Marshall, the territorial commitments, warranty support and the likelihood of success of the business.

151.    Rome had the benefit and knowledge as to Moke Miami that was misrepresented or omitted to Air Marshall with regard to the operating a Moke business and competing with other Moke dealers.

152.    To its detriment, Plaintiff justifiably relied upon the material misrepresentations or omissions made by Rome regarding Moke and the franchise.

153.    As a direct and proximate cause of Rome's participation and aiding MA in its violation of the Florida Franchise Act, Rome is personally liable to Plaintiff for the damages suffered.

WHEREFORE, Plaintiff demands judgment against Rome for actual damages, plus attorney's fees and court costs pursuant to Fla. Stat. §817.416(3), together with enjoining Rome from further violation of this part by entering a declaratory judgment  that any actions, obligations or other benefits derived by Rome as a result of the violation of this part, and therefore in violation of public policy, are unenforceable, rescinded, void and/or of no further effect and for such other and further relief as deemed just and proper.

*Respectfully submitted,*

William M Pinzler
*Attorneys for Plaintiff*
1700 Broadway 41st floor
New York, NY 10019
(646) 412 3245
wmp@wpinzlerlaw.com

By *William M Pinzler*


-and-

SILVERBERG & WEISS, P.A.
*Attorneys for Plaintiff*
1290 Weston Road, Suite 218
Weston, Florida 33326
Tel. (954) 384-0998
Fax. (954) 384-5390
notices@pkslegal.com


By:  __*Paul K. Silverberg*_____
          Paul K. Silverberg, Esq.
          Florida Bar No. 147877

# EXHIBIT A