UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_2/01/2021__
```

------------------------------------------------------------------------X
                                      :

AIR MARSHALL MOTORSPORTS LLC,         :
                                        :

                Plaintiff,         :

                                        :         20-cv-8047 (LJL)

     -v-                             :

                                        :      MEMORANDUM AND

MOKE AMERICA LLC and TODD ROME,   :         ORDER
                                        :

                Defendants.      :
                                        :
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Plaintiff, Air Marshall Motorsports, LLC ("Air Marshall LLC"), sues defendants, Moke

America, LLC and Todd Rome, for breach of contract and violations of New York and Florida

state statutory law.  Dkt. No. 9.  The first amended complaint ("Complaint"), which was filed on

October 8, 2020, relies on diversity jurisdiction, alleging that there is complete diversity of

citizenship between plaintiff and the defendants.  *Id*. ¶¶ 1-5.  Plaintiff is alleged to be a Florida

limited liability company, organized under the laws of the State of Florida, with its principal

place of business in Hollywood, Florida.  *Id*. ¶ 1.  Although the Complaint alleges that defendant

Moke America, LLC is a New York limited liability company, *id*. ¶ 2, it does not allege the

citizenship of the members of Moke America, LLC.

      The Court has an "independent obligation to consider the presence or absence of subject

matter jurisdiction *sua sponte*."  *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006).  "If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action."  Fed. R. Civ. P. 12(h)(3); *see Manway Constr. Co. v. Housing Auth. Of Hartford*, 711

F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited

jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the

question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory."). "[T]he citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs.*, LLC, 822 F.3d 47, 60 (2d Cir. 2016). "[I]t is well established that "the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (quoting *Advani Enter., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir.1998)).

At the initial conference in this matter on January 6, 2021, the Court observed that the complaint did not properly invoke diversity jurisdiction (or any other basis for federal jurisdiction) and ordered plaintiff, by January 15, 2021, either to file an amended complaint properly alleging federal jurisdiction or to show cause why the case should not be dismissed for lack of jurisdiction. In its response to the order to show cause, dated January 15, 2021, plaintiff Air Marshall LLC alleges that it is a Florida limited liability company with its sole member being an individual who is also a citizen of Florida. Dkt No. 28 at 1. Plaintiff avers that, although at the time it filed the Complaint, it believed Moke America LLC to be a New York citizen, defense counsel has informed it that one of the members of Moke America LLC is a Florida resident. *Id*. at 2. Plaintiff seeks discovery on the citizenship of Moke America LLC including the complete membership records of Moke America LLC, any tax returns identifying any member of the limited liability company, tax returns identifying the citizenship of any member of the limited liability company, and a copy of the driver's license or other government issued identification showing the citizenship of any member of the limited liability company. *Id*. It seeks leave to file an amended complaint "concerning jurisdiction" within 15 days of the receipt of that discovery. *Id*. 2-3.

Moke America LLC has submitted the declaration under penalty of perjury of Blake Ian Goldsmith.  Dkt No.  30.  Mr. Goldsmith declares that he is currently a member of Moke America LLC and has been continuously from 2018 to present.  He also declares that since 2019 he has been a resident of the State of Florida and provides his addresses in Florida.  *Id*.

The Court denies Plaintiff's request for discovery and dismisses the complaint for failure to allege federal jurisdiction.  The Court possesses the power to permit limited discovery into the citizenship of a limited liability company when the citizenship is not properly alleged.  *See Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013) ("The Court has authority to order jurisdictional discovery to allow [a party] the opportunity to demonstrate subject matter jurisdiction.").  It has exercised that power when the plaintiff has a good faith basis for believing federal jurisdiction exists but has had no ability otherwise to discover the citizenship of the members of the defendant limited liability company.  *See id*. ("Courts have allowed jurisdictional discovery where there has been a threshold showing for some basis to assert jurisdiction, such as facts that would support a colorable claim of jurisdiction"); *Tutor Perini Bldg. Corp. v. N.Y. City Reg'l Ctr., LLC*, 2020 WL 7711629, at *3 (S.D.N.Y. Dec. 29, 2020) (courts "commonly grant jurisdictional discovery" where defendants "challenge only the sufficiency of [the] pleadings" and "[do] not argue that any defendant is, in fact, a citizen of [the home-state of the plaintiff]") (collecting cases).  This is not such a case.  Plaintiff offers no reason to question Mr. Goldsmith's sworn statements or to believe that its requested discovery will yield a basis for this Court's jurisdiction.

The complaint is dismissed, without prejudice, for lack of jurisdiction.  The Clerk of Court is respectfully directed to terminate pending motions and close the case.

SO ORDERED.

Dated: February 1, 2021
     New York, New York

LEWIS J. LIMAN
United States District Judge